THE ATTORNEY GENERAL
OF TEXAS



WILL WILSON
ATTORNEY GENERAL

August 18, 1961

Honorable H. R. Nieman, Jr.      Opinion No. WW-1120
Executive Director
State Building Commission        Re:  Authority of the State
State Office Building                 Building Commission to
Austin 1, Texas                       obtain services and
                                      enter into contracts
                                      with other State
Dear Mr. Nieman:                      Agencies.

        You have requested an opinion as to the legal
authority of the State Building Commission to obtain
services and enter into contracts with other State
Agencies or Departments of State Government regardless
of the approval of any other State Agency.

        The factual background of this request is
as follows:  The Comptroller of Public Accounts returned
a State of Texas Purchase Voucher submitted to it by
the State Building Commission, and requested that such
purchase voucher be approved by the Board of Control.
The payee under this purchase voucher was the Texas
Highway Department, and the services rendered to the
State Building Commission by the Texas Highway Depart-
ment were for soil testing and analyses for the State
Building Commission in the Capitol Area Expansion Plan
Program and for copies of logs and tabulation data
pertinent thereto.  The charges for such services amounted
to $435.00.  These services were rendered by the Texas
Highway Department pursuant to a contract previously
entered into by and between the State Building Commis-
sion and the Texas Highway Department.  The purchase
voucher contained upon it, as authority for such
contract and the payment for the services rendered, a
reference to Section 5 of Senate Bill 134, Acts 54th
Legislature, Regular Session, such bill being codified
as Article 678m, Vernon's Civil Statutes.

        Section 5 of Article 678m, Vernon's Civil
Statutes provides that:

        "The Commission is authorized
        to take any action and enter into any
        contracts necessary to provide for the

> obtaining of sites and the planning, designing and construction of the buildings and memorials provided for by Section 51-b, Article III of the Constitution, and the Commission is also authorized to take any action and enter into any contracts to obtain sites which it deems necessary in order to provide for the orderly future development of the State Building Program which is contemplated by this Act, insofar as appropriations permit. . . . the Commission may call upon the Texas Highway Department to make appropriate tests and analyses of the natural materials at the site of each building constructed . . . to insure that foundations of said buildings will be adequate for the life of the buildings." (Emphasis added)

Section 8 of Article 678m, Vernon's Civil Statutes, provides that:

> "The Commission shall have the authority to call on any Department of State Government to assist it in carrying out the duties of the Commission. And particularly, it shall be the duty of the Board of Control to do and perform such acts and functions in connection with this Act as the Commission may direct; and to that end any portion of the money appropriated to the Commission may be allocated by the Commission to the Board of Control and expended by it under the direction of the Commission in carrying out the provisions of this Act." (Emphasis added)

The above quoted provisions of Article 678m would constitute sufficient authority for the State Building Commission to obtain the services of and enter into contracts with other state agencies. In Attorney General's Opinion No. WW-349 (1958), this office held, in passing upon the validity of a proposed contract between the State Building Commission and the Texas State Historical Survey Committee in which the Texas State Historical Survey Committee was to provide certain

services for the State Building Commission, that there was authority for such contract under the provisions of Article 678m.

The provisions set forth in Article 678m do not designate as a requirement that such contracts be approved by the Board of Control. Consequently, we are of the opinion that contracts pursuant to Article 678m are not required to be approved by the Board of Control.

### S U M M A R Y

Contracts entered into by the State Building Commission with other State Agencies pursuant to the provisions of Article 678m do not require the approval of the Board of Control.

Yours very truly,

WILL WILSON
Attorney General of Texas

By ~~Pat Bailey~~
Pat Bailey
Assistant

PB:lgh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Elmer McVey
Morgan Nesbitt
Bob Eric Shannon
Thomas Burrus

REVIEWED FOR THE ATTORNEY GENERAL
BY: Howard W. Mays